UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Major, | ) | C/A No. 5:16-cv-03605-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lt. C. Ruth; | ) | |
| Mr. Chvala; | ) | |
| Warden Richard Cothran, and | ) | |
| A/W James C. Dean, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual Background

Matthew Major ("Plaintiff") is currently incarcerated at Turbeville Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint under review, Plaintiff requests compensatory damages from four SCDC-employee Defendants in their official capacities based on allegations that he was subjected to an incident of excessive force on October 24, 2016. Plaintiff alleges that Defendant Ruth improperly used gas munitions on him while he was in handcuffs and leg irons. Attached to Plaintiff's Complaint is a Step 1 grievance form dated October 24, 2016, which shows that it was returned to Plaintiff on

October 26, 2016 because he did not attach a Request to Staff Member ("RTSM"). Plaintiff was given five days to resubmit the grievance after he obtained a completed RTSM from Defendant Chvala. ECF No. 1-1. There is no indication in the Complaint that Plaintiff ever resubmitted the Step 1 form before he filed this case on November 3, 2016, approximately one week after the form was returned to him.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint

filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C.A. § 1997(e). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, *Porter v. Nussle*, 534 U.S. 516, 527 (2002). In addition, the United States Supreme Court has held that the PLRA exhaustion requirement requires "proper exhaustion," which "'means using all steps that the agency holds out, and doing so properly.'" *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Failure to exhaust all levels of administrative review is not proper exhaustion and will bar actions filed by inmates under any federal law, including § 1983. *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. at 89 (internal citations omitted). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*. A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th

3

Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

      Here, it is clear on the face of Plaintiff's pleadings that he did not complete the SCDC administrative remedy process before filing this case. Specifically, the current SCDC inmate-grievance policy requires prisoners to undertake attempts at informal resolution of problems before filing a Step 1 grievance form and attaching a copy of the prisoner's informal RTSM. Interestingly, no time limit for the staff member's response is provided in the SCDC written inmate grievance policy. *See* SCDC Policy/Procedure GA-01.12 § 13.2 (May 12, 2014). However, the policy does provide time limitations for the Warden at the prisoner's institution to provide a response to any properly submitted Step 1 grievance, and for the "responsible person" at SCDC headquarters to respond to any Step 2 grievance. *Id*. §§ 13.5, 13-6. The policy indicates that the decision of the "responsible official" who answers the Step 2 grievance is the Department's final response in the matter. *Id.* § 13.7. Plaintiff did not file a proper Step 1 grievance form, much less did he complete both the Step 1 and 2 grievance process as required before filing a federal lawsuit. There is no indication that Plaintiff made any effort to obtain a RTSM from Defendant Chvala as was suggested by the grievance coordinator. ECF No. 1-1. Plaintiff did not wait even two weeks from the date of the incident to file this case, which makes it clear that he did not complete the SCDC process.

      Several federal courts, including the Fourth Circuit Court of Appeals, have ruled that a prisoner is required to follow the rules established by the prison for its grievance process and to correct any problems with his or her compliance with the process before the prisoner can assert that the process is not available to him. *See, e.g.*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (inmate must attempt to cure problems with rejected grievance; compliance with procedures must be "exact and complete"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.

2002) (quoting *Pozo v. McCaughtry*, 286 F.3d at 1025) ("'to exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim,' including the prison's rules for filing an appeal"); *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) ("in order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure") (citation omitted). Accordingly, Plaintiff's Complaint should be summarily dismissed without service on Defendants because it was filed prematurely, before Plaintiff fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. Because the case should be dismissed without prejudice, Plaintiff may file another case based on the same facts and allegations after he fully completes the SCDC administrative-remedy process.

Furthermore, Plaintiff's Complaint is subject to summary dismissal based on Eleventh Amendment immunity because he sues SCDC employees in their official capacities only. ECF No. 1 at 2-3. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because all four Defendants were agents or employees of an arm of the State of South Carolina when acting in their official capacities, they are not a "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons'

under § 1983."). A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. § 15-78-20(e). As arms of the State, Defendants Ruth, Chvala, Cothran, and Dean, in their official capacities, are immune from suit under the Eleventh Amendment.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

December 28, 2016                                                       Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).